[No. 12632. In Bank. — February 11, 1889.]

M. McCORMICK, Appellant, *v.* F. SUTTON, Respondent.

EJECTMENT — EVIDENCE OF CONVEYANCE — FINDING. — A finding that the plaintiff had conveyed the land in controversy to certain parties against whom the defendant had been successful in a prior action of ejectment, *held*, supported by the evidence.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. D. & G. W. Nicol,* and *E. A. Rodgers,* for Appellant.

*F. W. Street,* for Respondent.

PATERSON, J. — Ejectment. The court below decided that the right of possession of the land in controversy was determined against plaintiff and in favor of defendant, by a judgment entered November 19, 1884. Said judgment was entered in an action commenced in the superior court of Tuolumne County, February 2, 1884, in which Sutton and Gerlach were plaintiffs, and Richards and Pereira were defendants.

If this decision is based upon facts supported by the evidence, it is unnecessary to consider any other question discussed in the briefs.

Without stopping to discuss the question whether the patent of the United States to Hughes, president of the board of trustees of the city of Sonora, the deed of said board to Dan McCormick, and the decree of the probate court distributing the land in controversy to Mrs. McCormick, were sufficient to vest in her the legal title to the same, we shall assume that the legal title did pass to her by those conveyances and the decree.

On January 1, 1883, defendant Sutton and one Gerlach located a mining claim which included the land in controversy. Richards and Pereira made a location on eight hundred feet of the vein included in the Sutton and Gerlach claim, January 1, 1884. On February 2, 1884, Sutton and Gerlach commenced the action referred to above against Richards and Pereira to recover possession of the lands included in the location of the latter, and which resulted in the judgment of November 19, 1884. While that action was pending, to wit, August 20, 1884, Margaret McCormick, plaintiff herein, conveyed all her right, title, and interest in and to the land to Richards and Pereira. The trial in said action was had on August 28, 1884. The judgment therein remains in full force and effect. Gerlach conveyed his interest to Sutton on January 10, 1885. Richards and Pereira reconveyed to plaintiff January 1, 1886. This action was commenced March 21, 1887.

Appellant contends that plaintiff never conveyed to Richards and Pereira any part of the lands in controversy,—any part of the surface thereof, but simply the right to mine beneath the surface; that she had no notice of the pendency of the suit of *Sutton* v. *Richards;* that plaintiff is not the successor in interest of Richards and Pereira *as to the right of possession,* and having had no notice, actual or constructive, of the pendency of said action, she is not concluded by the judgment therein to any extent, because the deed from Richards and Pereira reconveying to her conveyed only what she had granted to them, viz., the right to mine beneath the surface.

The court found against appellant on all of these contentions, and we cannot say that the findings are against the evidence. The deed from plaintiff to Richards and Pereira was lost and could not be produced at the trial, although it had been returned to plaintiff. James McCormick, a son of plaintiff, stated that he was acting as his mother's agent; that Richards and Pereira deeded

back the land his mother had conveyed to them; that he had all of his mother's papers in his possession, and had been attending to her general business since his father's death; that he knew of the pendency of the suit above referred to, and was present at the trial, but did not know whether he had ever spoken to his mother about it. It is true, some of the statements were afterward qualified.

The deed reconveying to plaintiff described the property as "all that portion of the San Guiseppe mine, . . . . and being the same ground which was heretofore located by the said parties of the first part on the first day of January, 1885, *the deed of which was made by the said second party (M. McCormick) to said parties of the first part (Richards and Pereira), in 1885.*"

The deed from plaintiff to Richards and Pereira was lost. Its contents could be made known only by the testimony of witnesses. In one part of his testimony,—afterward qualified,—James McCormick says the same land conveyed by his mother was reconveyed. The deed of reconveyance does not describe the property as the right to mine beneath the surface, but refers to it as "the ground heretofore located", etc, and "the deed of which was made by . . . . M. McCormick to . . . . Richards and Pereira, in 1885."

From the evidence above detailed, and other circumstances in the case to which we need not refer, the court below was justified in believing that James McCormick had acted as the agent of plaintiff, and that he was cognizant of the suit of *Sutton* v. *Richards;* that not only had she conveyed all her right, title, and interest in and to the land in controversy to Richards and Pereira during the pendency of the suit referred to, but that she had done so to aid the defendants therein, and that when they (Richards and Pereira) failed in their defense .in that action and the land was awarded to plaintiff therein, they (Richard and Pereira) attempted to reconvey to her just what they had received from her. In

these conclusions the learned judge who presided at the trial is supported by the significant fact that the plaintiff in whose mind rested the best evidence of the material facts, — at least as to notice, — remained silent throughout the trial.

Judgment and order denying a new trial affirmed.

McFARLAND, J., WORKS, J., THORNTON, J., and SHARPSTEIN, J., concurred.